NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

GOODSELL & VOCKE, INC.,
Respondent,

and

Charles R. Vocke and Glenara Vocke,
Additional Respondents.

No. 76–2204.

United States Court of Appeals,
Ninth Circuit.

Feb. 23, 1981.

* The Honorable James M. Carter, Senior United States Circuit Judge, died on November 18, 1979. The name of the Honorable Jerome Farris was subsequently drawn to replace Judge Carter on this panel.

Before TRASK and FARRIS,* Circuit Judges, and BURNS,** District Judge.

TRASK, Circuit Judge:

Pursuant to a motion by the National Labor Relations Board (the Board), we hereby determine Goodsell & Vocke, Inc., Charles R. Vocke, and Glenara Vocke (the Respondents) to be in civil contempt of this court because of their failure to comply with our judgment and order of August 25, 1977, published at 559 F.2d 1141. The Respondents, therefore, are ordered to discharge themselves of this contempt by taking the following measures:

1. Signing the 1974–77 collective bargaining contract between the Painting and Decorating Contractors Association of Central Coast Counties, Inc. (the Association) and the District Counsel of Painters No. 33, Brotherhood of Painters and Allied Trades, AFL–CIO (the Union), and, within 15 days of the entry of this order, delivering an executed copy of the contract to the Union and a conforming copy to the Board.

2. Preserving all records relevant to determination of the amount of backpay and fringe benefits due to employees as a result of this court's 1977 judgment and order. Such records shall include: payroll records, timecards, and other records showing hours worked by, and wages and benefits paid to, each employee; records detailing employee job classifications and social security payments; personnel records and reports; and tax returns. Such records shall be made available to the Board for inspection and copying within fifteen days of any request.

3. Where existing records are incomplete, reconstructing to the extent possible records of employee wages, hours, and job classifications for the relevant period. Such reconstructed records and the information on which they are based shall be

** The Honorable James Burns, United States District Judge for the District of Oregon, sitting by designation.

made available to the Board for inspection and copying within fifteen days of any request.

4. Immediately signing and posting at their place of business in Mountain View, California, copies of the Board's remedial "Notice to Employees" (the Notice). In the event that the Defendants have lost their copy of the Notice, one shall be provided them by the Board.

5. Reproducing and posting in conspicuous places at their place of business, including places where employee notices are customarily posted, copies of this order and an accompanying statement signed by the Respondents that they have undertaken to comply therewith. These copies shall remain posted for a period of 60 days. The Respondents shall ensure that the copies are legible throughout the posting period, and that they are not altered or covered during that period.

6. Mailing to each of the Respondents' current employees and to each of their former employees employed between July 1, 1974 and June 30, 1977, copies of the Notice. A list of all employees to whom the Notice was sent shall be provided to the Board.

7. Filing a sworn statement with the Clerk of this court within 60 days of the entry of this order showing what steps have been taken to comply with the provisions of this order. A copy of this statement shall be sent to the Board.

To assure compliance with the foregoing provisions, it is further ordered that the Respondents pay a fine of $250 for each violation of this order, and an additional fine of $250 for each day that each such violation continues. This court reserves jurisdiction to issue, pursuant to application by the Board, a writ of body attachment against Charles R. Vocke, Glenara Vocke, and any officer or agent of Goodsell & Vocke, Inc. responsible for default in complying with this order.